## In the Matter of Joseph R. Ballou.

It is within the discretion of magistrates before whom a citation for the poor debtor's oath comes for hearing, to require the applicant, whose petition for the benefit of the insolvent act, which included the debt of the committing creditor, has been recently heard and dismissed by the Supreme Court, to prove, first, a change of circumstances since his petition was dismissed, before they will enter into his full examination as such applicant.

*Qu.* Whether a writ of *mandamus* to such magistrates, who have declined to go into such examination, can properly issue to compel them to proceed therein, after they have risen without adjourning to a day certain, until a new citation to the creditor has been issued, and been brought before them?

THIS was an application for a writ of *mandamus*, to be issued to Lycurgus Sayles, Esq., a Justice of the Court of Magistrates in the City of Providence, and to Elisha C. Mowry, · Esq., a justice of the peace in said city, requiring them to appear before the Supreme Court, then in session in Providence, on a day certain, to show cause why a writ of *mandamus* should not issue to them out of said court, compelling them to hear Joseph R. Ballou, upon his citation to Albert Spink, a creditor of said Ballou, who had committed him to the jail of the county of Providence, and to examine him fully under oath upon the matters touching his said citation, and to determine whether the oath prescribed by the 11th section of chapter 198 of the Revised Statutes, for the relief of poor debtors, shall, or shall not, be by them administered to him.

A rule to show cause having been entered up, and the magistrates been cited and having appeared, upon the hearing before the court, it was proved, that the magistrates before whom Ballou's citation to his committing creditor, Spink, came for hearing on the 5th day of September, 1863, upon ascertaining that the debt, for which Ballou was committed, was included in the list of his debts appended to an insolvent petition of said ·Ballou heard and dismissed by the Supreme Court at its March term, 1863, for the county of Providence, declined to hear him on his citation, unless said Ballou should first prove a change of circumstances or a different state of facts from that existing at

In the Matter of Joseph R. Ballou.

the time of the examination before the Supreme Court on the trial of Ballou's insolvent petition; which Ballou refused to do, unless he could have a full hearing upon the merits.

*Hayes, for the applicant,* cited Rev. Stats. Ch. 198, §§ 1, 10 and 17; and contended, that there was no limitation of the right of the applicant to be fully examined before the magistrates, unless he could show a change of circumstances since he was heard before the Supreme Court upon his petition for the benefit of the insolvent act, but that the statute required such change of circumstances to be proved, only in case of a prior citation for the benefit of the poor debtors' act; that it was not enough that it would be expedient that there should be such a limitation by law; but it was enough there was none such.

*Lapham, against the application,* contended, that it was within the discretion of the magistrates, to require such change to be proved in case of a rejection of a petition for the benefit of the insolvent act, as in case of the refusal of magistrates upon trial to admit the applicant, to the poor debtors' oath, and in analogy to it, and referred to the analagous practice of the Supreme Court in applications for divorce and for the benefit of the insolvent act; that there was no appeal from the Supreme Court to a board of magistrates in such matters; and for magistrates practically to exercise such an appeal would contravene every principle and propriety of decision; that the magistrates had full power to regulate the course of their examination, which was to guide their discretion, without appeal to this court, whether they would administer to the applicant the poor debtor's oath, or not.

AMES, C. J. The ground upon which this application rests is, that the magistrates, before whom the petitioner was examined for the benefit of the poor debtors' act, having been informed, that after full hearing, his petition for the benefit of the insolvent act had been recently dismissed by the Supreme Court, required, as a condition of their proceeding to a full examination of his case, that the petitioner should first show a change of circumstances since the hearing before the Supreme Court. This conduct on the part of the magistrates is supposed to be in derogation of their duty, under the 10th section of chapter 198 of the Revised Statutes, which gives them the power to administer the

prescribed oath to the party imprisoned, " if *after fully examining the prisoner under oath* and hearing the parties, the said justices shall think proper so to do."

It is true, that the magistrates are not to administer the oath without a full examination of the prisoner and a hearing of the parties; but we are of the opinion, that the order and mode of examination is, along with the complete discretion whether to administer the oath or not, reposed in them. The power to regulate the mode of examination is incidental to the duty of examining, and is necessary to accommodate the examination to the circumstances of each case, to the documentary and other proof, and to the concessions of the parties.

The question is, whether the requirement of the magistrates, that the prisoner should first show, which he might do by his own oath, a change of circumstances since his petition for the benefit of the insolvent act was dismissed by the Supreme Court after full hearing, was a proper exercise of their discretion to regulate the examination? We are induced to think that it was, especially where the action of the Supreme Court was, as in this case, recent; or else this application to the magistrates might be used by way of appeal from the decision of the Supreme Court, in precisely the same case, and upon, substantially, the same questions, which, in our judgment, would be an improper use of this process, and one not contemplated by the statute which gives it. The questions before the Supreme Court upon a petition for the benefit of the insolvent act, and before the magistrates, upon an application to be admitted to the poor debtors' oath, are identical; the difference being, that the judgment in the former absolves the debtor from restraint of his body for all his debts, and in the latter, from such restraint only for that for which he is imprisoned. We deem it to be but proper respect in the inferior tribunal, when the superior tribunal has heard and decided a case which completely covers that before them, to say, what, in substance, the magistrates here said to the applicant before them : " We do not propose to revise the judgment of the Supreme Court ; but show us first, that from a change of circumstances the case is different, and we will go on to hear and examine the whole matter." This we deem to have been a rea-

sonable requirement on the part of magistrates who were em-
powered to examine a prisoner, for the purpose of directing their
discretion, whether they should-administer to him an oath, with
the effect of freeing and absolving him from imprisonment for a
particular debt. It is in perfect analogy to the requirement of
the 17th section of Ch. 198 of the Revised Statutes, which gives
the process for the relief of poor debtors. This forbids a new
citation to be issued for relief, if an old one has been withdrawn,
or tried and the oath denied, unless upon proof of some change
of circumstances after the taking out of the first citation, which
change must be annexed to or recited in the second citation. It
can hardly be supposed that it was intended that less respect was
to be shown to the decision of the Supreme Court in such a
matter, than to that of inferior magistrates who have sat on it;
or that such magistrates may not, in regulating the examination
of a poor prisoner before them, require of him that, in deference
to a judgment of the Supreme Court, which is the condition of
the issuing of a fresh citation, in deference to the judgment of a
tribunal no higher than their own. The court rests its judgment
in dismissing this application upon this ground.

I would suggest, however, a difficulty in applying the remedy
of a *mandamus* to a case situated like the one before us. The
tribunal to which the writ is asked to be directed is not a per-
manent or continuing one, like the Court of Common Pleas, or
the Court of Probate of one of our towns, but is summoned to sit
on each particular citation of a poor debtor, and may consist, in
the county of Providence, of any Judge of the Supreme Court
or Justice of the Court of Magistrates in the City of Providence
sitting with a justice of the peace, and in the other counties of
the State, of any two justices of the peace. The tribunal takes
its jurisdiction under the statute, in each particular case, from a
citation duly served upon the committing creditor, and when it
has acted upon that citation is, so to speak, dissolved. In the
case before us, the two magistrates who sat upon the petitioner's
citation, declined to proceed with his examination unless he
would first prove a change of circumstances since the dismissal
of his petition for the benefit of the insolvent act by the Supreme
Court; and upon his refusal first to prove such change, and

without adjourning to a day certain, as they might have done, rose; and as a tribunal upon that citation discharged themselves, and the creditor cited, from it. Without a fresh citation to the creditor, it is difficult to see how the magistrates who sat upon the former citation can act in the matter, any more than any other two magistrates of like degree; and as none has been taken out, and the old one is not now pending, I cannot see what there is for the *mandamus* to operate upon. A writ of *mandamus* is a writ of discretion; and what propriety is there in issuing such a writ to magistrates who have discharged themselves from an old citation, or to address it to them, any more than to any other two like magistrates, in expectation of a new one which has not been, and never may be, issued? For the reason first stated, however, this application is dismissed.